IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 3:23-CR-16-SA-RP

CHASITY MOSS  DEFENDANT

ORDER

Chasity Moss, through counsel, has filed a Motion to Reduce Sentence [48]. Moss is scheduled to report on May 28, 2024, to begin service of the six-month term of imprisonment imposed by this Court. *See* [47]. In essence, the present Motion [48] requests that the Court modify the imposed term to a non-custodial sentence. The Government has not responded, but the Court sees no need to delay ruling.

On February 7, 2023, Moss pled guilty to wire fraud. *See* [8]. After multiple continuances, her sentencing hearing was held on February 8, 2024, at which time the Court sentenced Moss to serve a term of imprisonment of six months to be followed by five years on supervised release. *See* [44]. As indicated above, Moss, who has been on bond since she pled guilty, is scheduled to report to the Bureau of Prisons on May 28, 2024.

In her Motion [48], Moss asks the Court to reduce the imposed sentence to a non-custodial one and asserts that doing so "would be both fair and sufficient, but not greater than necessary to meet the purposes of Federal Sentencing Law." [48] at p. 3. As a basis for the request, Moss contends that shortly after the Court imposed sentence, "the defendant's husband, Deon Moss, left the family home and neither the defendant nor the children have had any contact with him for 5 months nor has he provided any support whatsoever for the children." *Id*. at p. 2. Moss explains that her husband's absence will place a significant burden on the children's maternal grandmother, who will care for the children during Moss' term of incarceration. In addition, Moss' counsel

indicates that he "feels obligated to point out to the Court once again that the other defendants similarly charged as Ms. Moss were given probationary sentences by The Honorable Judges Brown and Mills[.]" *Id*. at p. 3.

The Court first notes that Moss cites no authority in support of the present request. However, "[a] judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" *U.S. v. McCallister*, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)); *see also U.S. v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)) ("The general rule is that 'court[s] may not modify a term of imprisonment once it has been imposed.'"). Despite this significant limitation on its ability to modify an imposed sentence, courts can consider sentence modification requests pursuant to 18 U.S.C. § 3582(c). *See*, *e.g.*, *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (reviewing district court's denial of defendant's request for sentence modification under 18 U.S.C. § 3582(c)). However, as noted above, Moss does not invoke Section 3582, and it does not appear to be applicable.

Even assuming it has authority to grant a modification, the Court does not find it warranted. Although cognizant of the familial concerns that Moss now raises, the Court does not find that they warrant a non-custodial sentence. Furthermore, the fact that other Defendants were sentenced to non-custodial sentences by other Judges has no bearing on this case.

Moss committed a serious crime. Her sentencing guideline range was ten months to sixteen months. This Court varied downward and imposed a term of imprisonment of six months. A further variance is not justified. The Motion [48] is DENIED, and Moss shall report to the Bureau of Prisons on May 28, 2024, as previously directed.

SO ORDERED, this the 20th day of May, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE