IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                              CRIMINAL CASE NO.: 3:23-CR-16-SA-RP

CHASITY MOSS                                                   DEFENDANT

## ORDER

Now before the Court are competing Motions [50, 53]—the Defendant's Motion for Release of Bond Money [50] and the Government's Motion for Payment of Restitution with Bond Money [53].

On February 7, 2023, Chasity Moss waived indictment and pled guilty to wire fraud via an Information [7]. *See* [8]. She was placed on bond. The bond was $20,000.00, and Moss deposited $2,000.00 with the Clerk of Court as security. *See* [3]. On February 8, 2024, the Court sentenced Moss to serve a term of imprisonment of six months to be followed by five years on supervised release. *See* [44].

On May 29, 2024—the day after Moss reported to the Bureau of Prisons to begin service of the imposed sentence—she, through counsel, filed a Motion for Release of Bond Money [50]. In the Motion [50], she states that she reported to the Bureau of Prisons "as ordered by the Court and is, therefore, entitled to a refund of the bond fee of $2,000.00[.]" [50] at p. 1. The Government opposes her request. It notes that she currently owes a restitution balance of $127,499.50 and requests that the Court, rather than returning the bond money to Moss, order that the money be applied toward the restitution balance.

The Government cites 28 U.S.C. § 2044, which provides as follows:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond

> (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

28 U.S.C. § 2044.

The facts of the present case appear to fall squarely within this statutory language. Notably, Moss has not responded in opposition to the Government's request and therefore has provided the Court no contrary authority. The Court finds it appropriate for the money on deposit to be applied to Moss' restitution balance.

The Defendant's Motion for Release of Funds [50] is DENIED, and the Government's Motion [53] is GRANTED. The Clerk of Court shall take all steps necessary to accomplish the payment of the funds toward Moss' restitution balance.

SO ORDERED, this the 31st day of July, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE